IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

CHAMPAKBHAI PATEL, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-17-881-D
)
MAHENDRA KUMAR PATEL, )
*et al.*, )
)
        Defendants. )

**O R D E R**

Before the Court is Defendants' Motion to Strike and Exclude the Expert Opinions and Testimony of Plaintiff's Proffered Expert, Bishok Dhungana [Doc. No. 77], filed pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[1] Defendants challenge the proposed testimony of an accounting expert designated by Plaintiff to provide opinions regarding financial issues in the case, particularly the accuracy of loan amounts. Plaintiff has filed a response [Doc. No. 93] in opposition to the Motion, and Defendants have replied [Doc. No. 100].[2]

**Factual and Procedural Background**

This case involves a family squabble over financial dealings. Plaintiff claims that Defendants shorted him when distributing proceeds from the sale of a hotel business in

---

[1] Although Defendants also cite Fed. R. Evid. 401 and 403, they present no argument based on these rules but, instead, move to exclude Mr. Dhungana's testimony because it "fails to satisfy even one of the requirements for admissibility under Rule 702 and *Daubert*." *See* Defs.' Mot. at 18-19. Therefore, the additional citations are disregarded.

[2] The parties have filed exhibits under seal [Doc. Nos. 78, 79, 80, 81, 94, 95, 96, 97 & 98].

which he had invested. He seeks to recover the alleged shortfall and other damages under legal theories of breach of fiduciary duty, unjust enrichment, conversion, and fraud, and he seeks an accounting from Defendant I-35A Corp., Inc. Defendants have counterclaimed for breach of loan contracts, breach of fiduciary duty, misappropriation, conversion, and unjust enrichment. The parties have completed discovery and prepared their respective cases for trial. They have agreed to waive a jury and present their cases to the Court in a March 2019 bench trial.

Plaintiff has designated a certified public accountant with experience in the hotel industry to serve as his expert witness. Defendants do not dispute that Mr. Dhungana is qualified to provide expert opinions regarding the accounting issues involved. By their Motion, however, Defendants assert that Mr. Dhungana's opinions – particularly regarding the accuracy of the loan amounts claimed by Defendant Mahendra Kumar Patel as setoffs against Plaintiff's corporate distribution – are unreliable and, therefore, inadmissible. Defendants argue that Mr. Dhungana had insufficient facts and data to reach any conclusions (Mot. at 9-13) and that his methodology is flawed because it is based on unreliable information and assumptions (*id*. at 14-17).

**Standard of Decision**

Rule 702 codifies the Supreme Court's decision in *Daubert*, sets standards for the admissibility of expert opinions, and defines the trial court's gatekeeper role. As explained by the Tenth Circuit:

> Under Rule 702, the district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of

2

fact, before permitting a jury to assess such testimony. In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*.

*United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (internal quotations and citations omitted). When the testimony of an expert is challenged, the proponent of the testimony bears the burden of establishing its admissibility. *See id.*; *see also* Fed. R. Evid. 104(a).

**Discussion**

Defendants primarily contend Mr. Dhungana's opinions lack a reliable factual basis because he utilized recreated records provided by Plaintiff's son and relied on speculative assumptions.[3] The crux of Defendants' position is that Mr. Dhungana's opinions are unreliable because they are founded on faulty or incomplete information. However, Defendants do not dispute that critical financial documents are missing or never existed. *See* Defs.' Mot. at 2 ("there were no loan documents and the bank records and/or back-up for the critical periods no longer exist"). In fact, a primary basis of their defense seems to be the alleged informal business practices of East Indian culture. *Id*. at 1-2. Defendants also report that the accountant who prepared the pertinent financial statements and tax returns is unavailable as a witness. *Id*. at 3 n.2. Thus, in this case, Plaintiff must necessarily

---

[3] Defendants also purport to attack Mr. Dhungana's methodology, but they do so only by arguing that he should not have relied on the recreated records and assumptions.

recreate records and cobble together information from existing records in order to prove his claims. Under these circumstances, and after careful consideration of the parties' arguments, the Court finds Mr. Dhungana's expert opinions have a sufficient basis in the alleged facts of the case and his education, training, and experience to be reliable and, thus, are generally admissible.

Stripping Defendants' argument to its essence, it appears that Defendants simply disagree with Mr. Dhungana's conclusions. This is an improper basis to reject his expert opinions. *See Daubert*, 509 U.S. at 595 (Rule 702's focus "must be solely on [scientific] principles and methodology, not on the conclusions that they generate"). The Court finds that Defendants' concerns about the opinions expressed by Mr. Dhungana are more appropriately addressed by contemporaneous objection and cross-examination at trial. Defendants' arguments primarily go to the credibility and weight to be given Mr. Dhungana's opinions, and they can be properly evaluated by the Court serving as the factfinder at trial.

Further, the Court finds it particularly appropriate to receive Mr. Dhungana's opinion testimony during the nonjury trial and, if appropriate, to determine its admissibility in the context of the trial evidence. It is well settled that the Court may choose "the manner in which [it] exercises its *Daubert* 'gatekeeping' role in making decisions whether to admit or exclude testimony." *See Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004); *see also Watson v. United States*, 485 F.3d 1100, 1105 (10th Cir. 2007); *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003). "[W]hile *Daubert*'s standards must

4

still be met, the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial." *Attorney Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009). Under the circumstances of this case, the Court finds that it should hear Mr. Dhungana's opinions and assess them with a full understanding of the trial evidence. If the Court concludes that any part of Mr. Dhungans's expert testimony is unreliable or otherwise improper for consideration, the Court can so find and then disregard the testimony when making its factual findings and conclusions regarding the substantive issues.

In summary, the Court finds that Plaintiff's accounting expert should not be precluded from expressing his opinions about the financial issues arising from the parties' competing claims, including the accuracy of Defendants' claims regarding undocumented loans. Mr. Dhungana's opinion testimony can be tested through the usual means of cross-examination by Defendants' counsel, presentation of contrary evidence, and application of legal principles to the facts presented.

**Conclusion**

For these reasons, the Court finds that the expert opinions of Mr. Dhungana are generally admissible, subject to contemporaneous objections to particular testimony.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike and Exclude the Expert Opinions and Testimony of Plaintiff's Proffered Expert [Doc. No. 77] is DENIED.

IT IS SO ORDERED this 4th day of January, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE