IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHAMPAKBHAI PATEL, )
)
        Plaintiff, )
)
vs. )   Case No. CIV-17-881-D
)
MAHENDRA KUMAR PATEL, )
*et al.*, )
)
        Defendants. )

# **O R D E R**

Before the Court is Defendants' Omnibus Motion in Limine [Doc. No. 117], to which Plaintiff has responded [Doc. No. 134]. The Motion is fully briefed.

This case involves claims and counterclaims between Plaintiff Champakbhai Patel and Defendants Mahendra Kumar Patel and I-35A Corp. Inc. arising from Plaintiff's investment in hotel properties owned and managed by Defendants. Plaintiff claims he was entitled to share in a distribution of proceeds from sales of the properties; Defendants claim the proceeds were used to repay outstanding loans and, in any event, Plaintiff owed money to Defendants related to his original investment and his misuse of corporate funds. The dispute hinges in large part on undocumented loans allegedly obtained by Defendants and incomplete business records. The case is set for a nonjury trial on March 25, 2019.

Defendants seek pretrial rulings on the admissibility of two types of evidence: 1) other lawsuits involving Defendant Patel or his other companies; and 2) Defendant Patel's ownership interests in other hotel properties. Defendants assert that this evidence

should be excluded under Rules 401 and 402, Fed. R. Evid., as irrelevant to any trial issue or, if relevant, should be excluded under Rule 403 as unduly prejudicial or under Rule 404 as improper character evidence. Defendants also move to exclude all evidence related to two of Plaintiff's legal theories (breach of fiduciary duty and conversion) and the issue of punitive damages, for the asserted reason that these claims fail as a matter of law.[1] The Court agrees with Plaintiff, however, that this part of Defendants' Motion constitutes an untimely dispositive motion and should not be considered. Upon consideration of the evidentiary issues properly raised by Defendants' Motion, the Court makes the following determinations.

**A.      Standard of Decision**

The Court begins by noting the limited role that Defendants' evidentiary objections play in a nonjury trial. Relevance is, of course, the touchstone of admissibility. But according to the Tenth Circuit, "excluding [prejudicial] evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice is improper.'" *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009) (quoting *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981), and citing *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994) ("in the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial"). There are practical reasons for this rule:

> Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor. Rule 403 was designed to keep evidence not

---

[1] Defendants do not identify any evidence that fits this description, or how such evidence could be carved out of Plaintiff's presentation of his case.

> germane to any issue outside the purview of the jury's consideration. For a bench trial, we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences.

*Schultz*, 24 F.3d at 632. Thus, while a judge may properly exclude relevant evidence under Rule 403 for trial-related reasons – such as avoiding undue delay or a waste of trial time – concerns of unfair prejudice or confusion do not come into play, "for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis." *Bic Corp. v. Far E. Source Corp.*, 23 F. App'x 36, 39 (2d Cir. 2001); *see also Ambrose v. Roeckeman*, 749 F.3d 615, 621 (7th Cir. 2014) ("'When the judge sits as the trier of fact, it is presumed that the judge will understand the limited reason for the disclosure of the underlying inadmissible information [under Rule 703] and will not rely on that information for any improper purpose.'") (quoting *Williams v. Illinois*, 567 U.S. 50, 69 (2012) (plurality opinion)).

**B.  Plaintiff's Challenged Evidence**

    **1.  Other Litigation Involving Defendant Patel**

As shown by a proposed exhibit, Plaintiff intends to introduce evidence of twelve other lawsuits in which Defendant Patel or a company owned by him were parties. In response to Defendants' Motion, however, Plaintiff admits that only one lawsuit has any relevance to the claims and issues to be decided. Plaintiff states he intends to use evidence of other cases for impeachment purposes only, if Defendant Patel denies involvement in other litigation during his trial testimony. *See* Pl.'s Resp. Br. at 4-5. Plaintiff thus concedes that, except for one lawsuit, the challenged evidence is inadmissible during his case in chief.

The allegedly pertinent litigation is a California case regarding the breach of a commercial real estate lease for hotel space in Los Angeles. Defendant Patel was sued by the lessors of the property after he took an assignment of the lease, based on his alleged failure to make timely rent payments and to maintain the property. The case concerned events in 2004 and 2005, was decided by a bench trial in 2009, and resulted in a judgment against Defendant Patel for damages of $893,916, prejudgment interest of $121,411, attorney fees, and costs. The judgment was affirmed on appeal. *See Colony Bancorp of Malibu, Inc. v. Patel*, 138 Cal. Rptr. 3d 839 (Cal. Ct. App. 2012).

Plaintiff's theory of admissibility is that the *Colony Bancorp* case involved "very similar" facts because Defendant Patel's son, Sagar Kumar, was involved in management of the hotel properties in both cases and Mr. Kumar testified in the prior case regarding alleged investments in and repairs to the property for which there were no business records. *See* Pl.'s Resp. Br. at 3. Plaintiff compares the lack of supporting documentation in *Colony Bancorp* to the alleged "phantom loans" in this case. *Id*. Plaintiff also argues that the *Colony Bancorp* case yields admissible Rule 404(b) evidence because Defendant Patel's prior claims of undocumented loans to make renovations that were not actually made, is "suspicious activity" that tends to show "the exact same activity in the present case is not a mistake or accident." *Id*. at 4.

The Court is not persuaded that there are sufficient factual similarities between the two cases to warrant the admission of evidence regarding the *Colony Bancorp* case in the trial of this one. Plaintiff's argument demonstrates only that Defendant Patel defended prior litigation regarding poor hotel management with contentions for which he lacked

4

supporting documentation, and those contentions were rejected by the trier of fact. In the Court's view, Plaintiff has not sufficiently demonstrated that this tends to show a material fact alleged in this case is "more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). As the Court understands the case, Defendant Patel admits he lacks loan documentation and business records to support his contentions. Whether the alleged loans actually existed will not be proven by evidence that Defendant Patel also lacked documentation of other alleged business transactions in the past. The two cases involve distinct time periods and disparate factual circumstances.

Further, to the extent that evidence regarding the *Colony Bancorp* case has marginal relevance, the Court finds that its probative value is substantially outweighed by the dangers of undue delay and waste of trial time that would be spent trying to show a commonality between the two cases. Thus, the evidence may properly be excluded under Rule 403.

For these reasons, the Court finds that Defendants' Motion to exclude Plaintiff's Exhibit 37 should be granted.

### 2. Defendant Patel's Other Business Interests

Plaintiff intends to introduce evidence of Defendant Patel's ownership interests in hotels other than the properties involved in this case. Defendants object specifically to a proposed exhibit that consists of a chart listing all "hotels in which Defendant Patel has or had an ownership interest from 2010-15." *See* Defs.' Mot. at 7.

Plaintiff responds to this objection by arguing that he intends to show Defendant Patel "was funneling money from [Defendant] I-35A to hotel corporations he controlled"

and that proceeds from the sale of the subject properties were diverted through a Texas title company to "another one of [Defendant] Patel's other hotel interests." *See* Pl.'s Resp. Br. at 5, 6. Plaintiff makes no effort to justify the relevance of a chart listing all of Defendant Patel's other business interests for a five-year period.

The Court does not understand Defendants' Motion as seeking to exclude all evidence of Defendant Patel's other business interests but only to prevent the admission of a particular exhibit. Plaintiff does not explain why the fact that Defendant Patel has been involved in many hotel businesses, as shown by his proposed exhibit, is relevant to any trial issue. Accordingly, given Plaintiff's failure to address the issue presented, the Court finds that Defendants' Motion to exclude Plaintiff's Exhibit 36 should be granted.

**C.     Conclusion**

For these reasons, the Court finds that Plaintiff's proposed exhibits (Nos. 36 and 37) should not be admitted at trial. However, this Order does not decide the admissibility of evidence regarding the general topics of these exhibits.[2] Further, the Court does not reach any other issues raised by Defendants' Motion.

IT IS THEREFORE ORDERED that Defendants' Omnibus Motion in Limine [Doc. No. 117] is GRANTED in part and DENIED in part, as set forth herein.

---

[2] For example, Defendant Patel may be asked about his relevant involvement in other hotel businesses, and contemporaneous objections to specific testimony may be made.

IT IS SO ORDERED this 20th day of February, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE